Hillsborough, ⎱ No. 3015.
Jan. 3, 1939. ⎰

## AMERICAN FIDELITY COMPANY

*v.*

## MORA E. PROVENCHER & a.

*Devine & Tobin (Mr. Tobin* orally), for the plaintiff.

*Wason, Guertin & Leahy (Mr. Guertin* orally), for the defendants claiming liability.

*Bernie E. Boudelle, pro se,* furnished no brief.

MARBLE, J. The provisions of chapter 213 of the Public Laws of Vermont, so far as applicable to the present controversy, may be summarized as follows: Section 5190 provides that the Commissioner of Motor Vehicles "shall require proof of financial responsibility to satisfy any claim for damages, by reason of personal injury to or the death of any person, of at least five thousand dollars for one person and ten thousand dollars for two or more persons killed or injured and one thousand dollars for damages to property in any one accident, as follows: I. From the owner and operator of a motor vehicle involved in an accident when the operator of the vehicle, as a result of such accident, is convicted of a violation of" certain sections or subsections of the Motor Vehicle Act; "II. From a person who is convicted of a violation of" certain other sections of the act, and "III. From the owner and operator of a motor vehicle which is involved in an accident in which a person is killed or injured or from which damage to such motor vehicle or to any other property to the extent of seventy-five dollars or more results, when it appears to the commissioner, after full investigation, that the operator of the vehicle was at fault . . ."

Section 5191 provides that "Proof of financial responsibility shall cover and extend to all motor vehicles owned by a person." Section 5193 provides that "Such proof of financial responsibility shall be furnished as shall be satisfactory to the commissioner and may be evidence of the insuring of such person against public liability and property damage in an insurance company authorized to do business in this state, in the amounts specified in the third preceding section, provided the policy of insurance shall be non-cancellable except after ten days' notice to the commissioner."

Section 5194 provides that "When evidence of the insuring of a person, convicted of a violation of a motor vehicle law . . . is offered as proof of financial responsibility, the commissioner shall not accept the same unless the policy of insurance . . . has attached thereto a certificate waiving, as against injured persons, all defenses based on false representation or breach of warranties as set forth in the application for the policy of insurance . . . ."

It is suggested that the plaintiff by certifying to the Commissioner of Motor Vehicles that a policy of insurance had been issued to Boudelle "in compliance with Chapter 213, Sec. 5190-5199" thereby incorporated section 5194 in the provisions of the policy and that the breach of the promissory warranty relating to the carriage of passengers for a consideration must be held to be waived.

We find nothing in chapter 213 which requires complete coverage in all cases. Section 5193 requires the furnishing of merely such proof of financial responsibility "as shall be satisfactory to the commissioner." Section 5194 applies only to persons who have been convicted of a violation of some motor vehicle law, and there is no claim that the insured was ever convicted of the violation of any section of the act. Section 5108 authorizes the Commissioner in his discretion to suspend the license of an operator without hearing whenever he has reason to believe that the holder thereof is an improper or incompetent person to operate a motor vehicle. The order suspending Boudelle's license appears on its face to have been issued in the exercise of this authority.

By accepting the plaintiff's financial responsibility insurance certificate the Commissioner of Motor Vehicles must be deemed to have found the policy therein described to be "satisfactory," and the certification that the policy was issued in compliance with the provisions of the statute had the effect of incorporating in the policy only such statutory requirements as were applicable to the situation. Nothing else appearing, a breach of the warranty that the truck would not be used to carry passengers for a consideration would avoid the policy during the period of such use. *Beatty* v. *Assurance Corporation*, 106 Vt. 25, 33.

Defendants' counsel contend, however, that the endorsement may fairly be interpreted as permitting the insured to carry passengers on his own behalf for a consideration, although he might not rent the truck to someone else for that purpose. They argue that the phrase "for others" may properly refer to the "transportation of persons" as well as "material or merchandise" and that an agreement

that the policy shall not provide coverage while the insured is transporting persons for others implies the continuance of coverage while the insured is transporting persons for himself.

In order to resolve the alleged ambiguity of the endorsement the defendants offered evidence of what the insured understood it to mean. This evidence was correctly excluded. And the same is true of the offer to show the understanding of the plaintiff and the Insurance Commissioner as to the meaning of the financial responsibility insurance certificate. A policy of insurance is to be construed by the court, the essential inquiry being "what would a reasonable person in the position of the insured understand the words of the policy to mean." *McGinley* v. *Insurance Co.*, 88 N. H. 108, 109.

The endorsement contains no reference to the seventh warranty relating to the carriage of passengers, and limits and defines rather than extends the restricted use designated in clause b of the ninth warranty. When these warranties and the endorsement are all read together it is clear that the policy does not provide coverage while the insured's motor truck is being used for a purpose not connected with the transportation of materials or merchandise in the conduct of the insured's business as a cattle dealer, nor while it is being used for the transportation of persons for a consideration.

*Judgment for the plaintiff.*

BRANCH, J., was absent: the others concurred.